Petitioner-appellant Donald Richison appeals from an order of Montgomery County Common Pleas Court, Probate Division, finding that the natural father's consent was required for an adoption. Richison contends that the trial court's finding that Tony Hurt, the respondent father, had justifiable cause to fail to provide support during the year preceding the hearing is against the manifest weight of the evidence and contrary to law. From our review of the testimony of Hurt's witnesses, we conclude that the decision of the trial court is not against the manifest weight of the evidence, and is not contrary to law. Accordingly, the judgment of the trial court is Affirmed.
 I
Richison married Pamela Robinson in 1996. Robinson is the mother of three children, Dawn Lucinda Hurt, born November 19, 1984; Ashley Ann Hurt, born August 12, 1988; and Annette Marie Hurt, born August 2, 1991. On January 27, 1998, Richison filed petitions to adopt the three children.
Hurt is the father of the three children. There is no dispute that Hurt maintained regular contact with the children during the year preceding the adoption petition. Other than a gift of a radio to one of the children and possibly coats he gave to two of the children, Hurt made no direct provision for the support of the children, although it appears from the testimony that he provided some money that he obtained from working as a dishwasher at Holiday Inn for four to six weeks in July and August, 1997, and from a few odd jobs since then, indirectly for the support of his children. Hurt and his mother both testified that he would give her money, and she would pay "whatever needs to be paid." She testified that she used this money to make some payments toward layaway purchases of dresses for the children, and for groceries that were occasionally used to feed the children. Following a hearing, the trial court found as follows:
 The Court, after reviewing the testimony and evidence presented at a hearing held on July 14, 1998, hereby finds that the natural father had justifiable cause to fail to provide maintenance and support as required by law, and therefore his consent is required.
From this order, Richison appeals.
 II
Richison's sole assignment of error is as follows:
 THE COURT'S FINDING THAT THE NATURAL FATHER HAD JUSTIFIABLE CAUSE TO FAIL TO PROVIDE SUPPORT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
Hurt testified that he was injured in a fall in 1992, as a result of which he has spinal cord damage through his neck, at 3-C and 4 of his vertebrae. He and his mother both testified that although he has tried to work full-time, he cannot do so. His last effort to do so was as a dishwasher at Holiday Inn in July and August of 1997, but he had to quit that job because he could not work eight hours straight.
Hurt and his mother both testified that he is able to perform some odd jobs like mowing neighbors' lawns, and that his mother recently applied for Social Security disability benefits for him (SSI).
With the exception of a direct purchase of two coats from a thrift store for his daughters, as well as a direct purchase of some clothing for himself, Hurt testified that he simply turned over to his mother whatever little sums of money he was able to earn, and she paid his bills.
The trial court, who saw and heard Hurt and his mother testify, evidently found their testimony credible. We find nothing inherently incredible in their testimony, and see no reason to disturb the trial court's decision to credit their testimony.
Richison argues that Hurt's failure to provide more than token support for his daughters during the year preceding the filing of the adoption petition is not justifiable because Hurt has failed to find suitable work that he could do, and was dilatory in seeking social security disability payments. Our review of the transcript indicates that there is evidence in the record from which the trial court could conclude that Hurt has made reasonable efforts to earn income, but that his injury severely limits his earning ability.
Hurt made an attempt as late as August, 1997, to work full time, but was unable to do so. In view of that fact, the record does not mandate a finding that Hurt was unreasonably dilatory in seeking social security disability benefits. Hurt's mother testified that an application for social security disability benefits had been made on his behalf, but there is nothing in the record to suggest when that application was made. Based upon our review of the entire transcript, we conclude that the trial court's finding that Hurt was justified in failing to provide maintenance and support for his daughters during the year preceding the filing of the adoption petition is not against the manifest weight of the evidence, and is not contrary to law.
Accordingly, Richison's sole assignment of error is overruled.
 III
Richison's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
Branford D. Brown
Kathy L. Ellison
Hon. George Gounaris